UNITED STATES BANKRUPTCY
COURT DISTRICT OF NEW JERSEY

_____
Caption in Compliance with D.N.J. LBR 9004-2 (c)
Karina Pia Lucid, Esq., LLC
PO Box 230
3640 Valley Road, Suite 2A
Liberty Corner, NJ 07938-0230
Telephone: (908) 350-7505
Facsimile:   (908) 350-4505
E-mail:  klucid@karinalucidlaw.com
*Counsel to defendant, Thomas A. McGuire*

_____
In Re:

THOMAS A. MCGUIRE, JR, d/b/a THOMAS MCGUIRE
and CATHERINE C. MCGUIRE a/k/a CATHERINE
CROCE a/k/a GINA MCGUIRE

                     Debtors.

TRUPEX RESTORATION SOLUTIONS, LLC,
And TRUPEX MANAGEMENT GROUP, INC.,

                     Plaintiffs,
       v.

THOMAS A. MCGUIRE, JR.,

                     Defendant.

Chapter 7

Case No.: 18-30628 (JNP)

Adv. Pro. No.


**ANSWER OF DEFENDANT THOMAS A. MCGUIRE, JR TO THE COMPLAINT
OF PLAINTIFFS, TRUPEX RESTORATION <u>SOLUTIONS, LLC, AND TRUPEX
MANAGEMENT GROUP, INC.</u>**


Defendant, Thomas A. McGuire, Jr. ("Tom", the "Debtor", "Defendant" or "McGuire"), by and through his undersigned counsel, and in accordance with the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the United States

Bankruptcy Code, 11 U.S.C.§§ 101 et seq. (the "Bankruptcy Code") hereby serves these Answers (the "Answer") to the above-captioned Complaint (the "Complaint") of Trupex Restoration Solutions, LLC and Trupex Management Group, Inc. (together, "Trupex" or "Plaintiffs").

The following are the Defendant's Responses to the Complaint. Defendant providing these Responses which are, to the best of his knowledge, information and belief, complete, true and accurate. However, the Defendant reserve the right to supplement or amend these Responses to the extent the Defendant become aware of additional or corrected information. These Responses are numbered to correspond to the questions in the Plaintiffs' Complaint.

## JURISDICTION AND VENUE

1. Paragraph 1 asserts legal conclusions to which no response is required, however, Defendant agrees that this Court has jurisdiction over this Complaint, the above captioned adversary proceeding.

2. Paragraph 2 asserts legal conclusions to which no response is required, however, Defendant agrees that this adversary case is properly venue in this Court.

3. Paragraph 3 asserts legal conclusions to which no response is required.

4. Paragraph 4 asserts legal conclusions to which no response is required.

5. Paragraph 5 asserts legal conclusions to which no response is required.

## PARTIES

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Plaintiff's Complaint.

7. Defendant agrees that Scott T. Vanderhoff did file a voluntary petition under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") but is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Plaintiff's Complaint.

8. Defendant denies the allegations contained in paragraph 3 of the Plaintiff's Complaint.

## FIRST COUNT

9. Defendant neither admits nor denies the allegations contained in paragraph 4 of the Plaintiff's Complaint, and leaves the Plaintiff to his proofs as to the validity of the Debtor's alleged ownership in the Property[1].

10. Defendant neither admits nor denies the allegations contained in paragraph 5 of the Plaintiff's Complaint, and leaves the Plaintiff to his proofs as to the validity of the Debtor's alleged ownership in the Property.

11. Defendant neither admits nor denies the allegations contained in paragraph 6 of the Plaintiff's Complaint and leaves the Plaintiff to his proofs as to the validity of the Debtor's alleged ownership in the Property.

12. Defendant neither admits nor denies the allegations contained in paragraph 7 of the Plaintiff's Complaint and leaves the Plaintiff to his proofs as to the Debtor's alleged insolvency.

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plaintiffs' Complaint.

13. Defendant neither admits nor denies the allegations contained in paragraph 8 of the Plaintiff's Complaint, as the allegations set forth a legal conclusion for which no response is necessary.

14. Defendant denies the allegations contained in paragraph 9 of the Plaintiff's Complaint.

15. Defendant denies the allegations contained in paragraph 10 of the Plaintiff's Complaint.

16. Defendant denies the allegations contained in paragraph 11 of the Plaintiff's Complaint.

17. Defendant denies the allegations contained in paragraph 12 of the Plaintiff's Complaint.

18. Defendant neither admits nor denies the allegations contained in paragraph 13 of the Plaintiff's Complaint, as the allegations set forth a legal conclusion for which no response is necessary.

19. Defendant denies the allegations contained in paragraph 14 of the Plaintiff's Complaint.

20. Defendant denies the allegations contained in paragraph 15 of the Plaintiff's Complaint.

21. Defendant neither admits nor denies the allegations contained in paragraph 16 of the Plaintiff's Complaint, but leaves Plaintiff to his proofs.

22. Defendant neither admits nor denies the allegations contained in paragraph 17 of the Plaintiff's Complaint as it states a legal conclusion for which no response is

necessary, and Defendant further leaves the Plaintiff to his proofs as to the Debtor's alleged insolvency.

23. Defendant neither admits nor denies the allegations contained in paragraph 18 of the Plaintiff's Complaint, and leaves the Plaintiff to his proofs as to the Debtor's alleged insolvency.

24. Defendant neither admits nor denies the allegations contained in paragraph 19 of the Plaintiff's Complaint as it states a legal conclusion for which no response is necessary.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained paragraph 20 of the Plaintiff's Complaint.

26. Defendant neither admits nor denies the allegations contained in paragraph 21 of the Plaintiff's Complaint as it states a legal conclusion for which no response is necessary.

27. Defendant neither admits nor denies the allegations contained in paragraph 22 of the Plaintiff's Complaint as it states a legal conclusion for which no response is necessary.

WHEREFORE, Defendant demands judgment in favor of dismissing the Plaintiffs' Complaint in its entirety and with prejudice and costs, and for such other and further relief as the Court deems equitable and just.

Dated:  March 16, 2019
       Liberty Corner, New Jersey

**KARINA PIA LUCID, ESQ., LLC**

*Counsel to Defendant, Thomas A. McGuire, Jr.*

By: <u>*/s/ Karina P. Lucid*</u>
    Karina P. Lucid
    3640 Valley Road, Suite 2-A
    P.O. Box 230
    Liberty Corner, NJ 07938-0230